UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCO A. MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>GAINER Mr., in his individual capacity,<br>CHAPMAN Ms., in her individual capacity,<br>ALLEN Ms., in her individual capacity,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:24-cv-01627-JPH-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff Marco A. Martinez is a prisoner currently incarcerated at New Castle Correctional Facility. At all times relevant to this action, he was incarcerated at Branchville Correctional Facility ("Branchville"). Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names three defendants: Mr. Gainer, Head of Internal Investigations; 2) Ms. Chapman, Internal Investigations; and 3) Ms. Allen, Unit Team Manager. For relief, Mr. Martinez seeks compensatory and punitive damages.

Mr. Martinez alleges that he informed the defendants that he retired from his gang and removed his tattoos, and that for reasons of personal safety, he needed to be moved to a different dorm where his gang was not active. The defendants failed to move him as requested until two weeks after he was assaulted and injured by gang members. Mr. Martinez alleges that the defendants failed to protect him because of his Hispanic heritage and previous gang affiliation.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Mr. Martinez's Fourteenth Amendment equal protection claims **are dismissed for failure to state a claim upon which relief can be granted** because to state an equal protection claim, a plaintiff must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Here, Mr. Martinez does not allege that defendants moved inmates who were not of Hispanic heritage to a safer dorm when they retired from a gang and requested protection.

The Eighth Amendment failure to protect claims asserted against the defendants **shall proceed.**

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 27, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The Eighth Amendment failure to protect claims are proceeding in this action. All other claims have been dismissed.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Mr. Gainer, Head Investigator, Ms. Chapman, Investigator, and

Ms. Allen, Unit Team Manager, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 18, 2024, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 6/2/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

MARCO A. MARTINEZ
213492
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362


Electronic service to Indiana Department of Correction:

   Mr. Gainer, Head of Internal Investigations
   Ms. Chapman, Internal Investigations
   Ms. Allen, Unit Team Manager

   (All at Branchville Correctional Facility)